# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**CEDRIC JEFFERSON,**

    **Plaintiff,**

vs.   Case No. 1:05cv127-MP/WCS

**CHAPLAIN NAIMAN, et al.,**

    **Defendants.**

_____/

## O R D E R

Plaintiff, an inmate proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983, was previously directed to submit service copies of his complaint. Doc. 11. Plaintiff has complied with that order and service is now appropriate. This order directs service and requires a response as set forth in detail below.

Accordingly, it is

**ORDERED:**

1. The docket shall reflect that there are five Defendants in this action: **Chaplain Naiman, Chaplain Medaris, Warden F. Mock, Assistant Warden Jim Witt,** and **Chaplaincy Services Administrator Alex Taylor**. Plaintiff shall have ten days from the entry of this order on the docket in which to notify the Court if this is *incorrect*.

2. The Clerk shall issue summons for Defendants, indicating they have 60 days in which to file a responsive pleading (which in this case will be a written report as detailed *infra*), and refer the summons to the United States Marshal along with the service copies of the complaint.

3. The Clerk shall also prepare and send the Marshal a copy of this order for each of the Defendants.

4. Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Debra Hix** is specially appointed to serve process upon Defendant **Alex Taylor** at the Florida Department of Corrections Central Office; **Jean Lewis** is specially appointed to serve process upon Defendants **Witt, Mock, Medaris, and Naiman** at Mayo Correctional Institution. In the absence of **Debra Hix**, the specially appointed process server designated above, **Susan Torbert** is designated as an alternate server and shall comply with this order as though issued in her name. In the absence of **Jean Lewis**, the specially appointed process server designated above, **Daryl Harrell** is designated as an alternate server and shall comply with this order as though issued in his name.

5. Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the **civil rights complaint, summons, and this order** upon Defendants. Service shall be accomplished **by mailing these documents by regular mail to the above named special process servers, Jean Lewis** and **Debra Hix, who shall serve the complaint.** All costs of service shall be advanced by the United States.

6. Within 10 days after receipt of the complaint and this order, **Debra Hix** and **Jean Lewis,** shall **serve the complaint upon the individuals named above,**

**complete** and **sign** the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service.  *Defendants shall also sign the return of service as an acknowledgment of receipt of service.*

      7.  If any Defendant is no longer employed at the designated institution or facility, or is otherwise unable to be served, the server shall report this information to the Clerk of the Court within 10 days after receipt of the complaint and this order.  *If service is returned unexecuted, the Clerk of Court shall immediately refer the file to chambers.*

      8.  Defendants shall review the complaint to:

         a.  Ascertain the facts and circumstances surrounding the complaint;

         b.  Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

         c.  Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

      9.  Within 60 days of receipt of the summons, Defendants shall respond to the complaint either by filing a motion to dismiss because Plaintiff has not exhausted administrative remedies pursuant to 42 U.S.C. § 1997e or by filing a special report with the Court, and a copy thereof to Plaintiff, containing the following:

         a.  Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the Plaintiff.)

         b.  Copies of any written reports prepared as a result of investigation of the inmate's allegations.

         c.  All defenses, including immunity defenses.  If not listed, such defenses may be considered waived.

         d.  Where relevant, copies of medical or psychological or disciplinary records.

Case No. 1:05cv127-MP/WCS

      e.  Where applicable, copies of relevant administrative rules, regulations, or guidelines.

Defendants are advised that, at some time in the future upon notice of the Court, the special report may be deemed a motion for summary judgment.  **Therefore, in addition to the above, the special report shall be in compliance with Local Rule 56.1, and shall include all Fed. R. Civ. P. 56 materials Defendants wish the Court to consider.**[1]

    10.  No answer, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the Court.  If any such pleading or motion is sent to the Court, the Clerk shall not file or otherwise treat the pleading as a motion unless or until the Court so orders.

    11.  Plaintiff shall not file a reply to Defendants' special report until ordered to do so by the Court.  However, Plaintiff shall file a response to a motion to dismiss, if filed by Defendants, within 20 days of the date of service of such a motion.

    12.  Once a special report is filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.  N.D. Fla. Loc. R. 15.1.

    13.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for

---

[1] The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

Case No. 1:05cv127-MP/WCS

Defendants.  If Defendants wish to consent, the form should be signed and returned to the Clerk.

14. Plaintiff shall be required to mail to the attorney for each Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to each Defendant or to the attorney representing each Defendant.  Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

15. The Clerk of Court shall return this file to the undersigned no later than March 22, 2006.

**DONE AND ORDERED** on December 22, 2005.

> s/   William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL**, JR.
> **UNITED STATES MAGISTRATE JUDGE**