### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

CEDRIC JEFFERSON,

    Plaintiff,
v.                                    **CASE NO. 1:05-cv-00127-MP-WCS**

CHAPLAIN NAIMAN, et al.,

    Defendant.
_____/

### **O R D E R**

This matter is before the Court on Doc. 40, Report and Recommendation of the Magistrate Judge, recommending that Defendants' Motion for Summary Judgment, Doc. 30, be denied in part, and this case remanded for further proceedings on the special report. The Magistrate Judge filed the Report and Recommendation on Friday, October 27, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

The central issue addressed by the Magistrate's Report is whether Plaintiff Jefferson had adequately exhausted administrative remedies as required by 42 U.S.C. § 1997e before bringing the instant action. Plaintiff brings suit pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by refusing to provide him with acceptable food during a religious observation from March 31, 2005, through April 5, 2005. In their Special Report, Defendants contend that Plaintiff's suit is barred because he has failed to exhaust all available remedies. As the exhaustion requirement of § 1997e is jurisdictional, this Court cannot address the merits of Plaintiff's complaint if he has failed to exhaust all administrative remedies as are

available.  After reviewing Plaintiff's informal and formal grievances, as well as Defendants' objections, the Court agrees with the Magistrate that Plaintiff has met the exhaustion requirement.

Defendants' chief objection is that because the substance of Plaintiff's suit is that he was deprived of food when prison officials did not prepare religiously acceptable meals, Plaintiff was required to grieve this injury when it arose.  Although Defendants view the Magistrate's characterization of this case as merely the failure to provide Plaintiff with unleavened bread, the Magistrate's Report does not support this view.  Plaintiff's suit alleges that Defendants violated his First Amendment rights by refusing to provide him with yeast-free trays at the beginning of the Passover and the feast of unleavened bread, and violated his Fourteenth Amendment rights by discriminating against Hebrew Israelites and according other religions differential treatment.  These are the same issues raised in Plaintiff's multiple grievances and requests, which the Court finds gave prison officials fair notice of the substance of Plaintiff's claim so that they had an opportunity to remedy the situation.

The Court agrees with the Magistrate that "it makes little sense to demand that Plaintiff return to the grievance process simply to tell prison officials that what they had decided in advance to deny had in fact been denied."  Report at 9.  Considering that Plaintiff's grievance was being reviewed on appeal at the time Defendants expected him to continue filing grievances, and that Plaintiff's emergency grievance had already been denied, Defendants' position is without support.  Further, the litany of cases cited by Defendants are inapposite, as they deal with issues immaterial to the instant discussion.  For example, in Goldsmith v. White, 357 F. Supp. 2d 1336 (D. Fla. 2005), the Plaintiff's case was dismissed for failure to exhaust because he

grieved one complaint–the taking of his contact lenses–and then brought suit on a completely different grievance–discrimination based on his sexual orientation.  Even in Watler v. Ray, 2005 U.S. Dist. LEXIS 38266, at *1 (D. Tenn. 2005), where the prisoner brought suit for the denial of Kosher food, the court dismissed the suit because the plaintiff there "did not present the 'Kosher food' claim in any of his grievances." Id. at *7.  Unlike the situations in the cases cited by Defendants, in this case the Defendants had enough information from Plaintiff's grievances to provide the sought-after relief.

Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Defendants' Special Report, Doc. 30, construed as a Motion for Summary Judgment, is DENIED in part.

3. This case be REMANDED to the Magistrate Judge for further proceedings on the special report.

**DONE AND ORDERED** this   *19th* day of December, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge