IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CEDRIC JEFFERSON,

    Plaintiff,

v.                                CASE NO. 1:05-cv-00127-MP-WCS

CHAPLAIN NAIMAN, et al.,

    Defendants.

_____/

**O R D E R**

      This matter is before the Court on Doc. 61, Second Report and Recommendation of the Magistrate Judge, recommending that Defendants' Motion for Summary Judgment, Doc. 30, be granted in part and denied in part, and that the case be remanded for further proceedings. The Magistrate Judge filed the Report and Recommendation on Thursday, August 2, 2007. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

      The central claim of Plaintiff's complaint is that Defendants failed to provide him with leaven-free vegetarian meals during religious holidays as required by his religious beliefs, in violation of the First Amendment. Plaintiff also raises an equal protection claim, alleging that other similarly situated inmates had their religious beliefs accommodated by food services during the same holiday. Based on these alleged violations, Plaintiff seeks injunctive relief and monetary damages. For the reasons set forth in the Magistrate's Report, Plaintiff cannot obtain compensatory or punitive damages for mental or emotional injury, standing alone. Therefore, summary judgment is granted in favor of Defendants on the issue of monetary damages. In the

Report, the Magistrate also recommends that Defendants' motion for summary judgment on the issue of injunctive relief should be denied.

Defendants have filed objections to the Magistrate's Report, Doc. 71, stating that since Plaintiff is no longer incarcerated at Mayo Correctional Institution, his injunctive relief claims against officers at Mayo Correctional Institution are moot. Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation. Given Plaintiff's transfer to another prison, it is unclear whether Plaintiff's claims for injunctive relief arising from his conditions of confinement are now moot. "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984). See also Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988), cert. denied, 488 U.S. 1046, 109 S.Ct. 876, 102 L.Ed.2d 999 (1989)(holding that upon a prisoner's transfer to another facility "his claims for injunctive and declaratory relief . . . no longer presented a case or controversy.")  Therefore, while the Court agrees with the Magistrate that voluntary cessation of illegal conduct does not necessarily defeat Plaintiff's standing, this rule is not applicable in a situation where a plaintiff is removed from the power of the defendants.

The Magistrate does not address the fact that Plaintiff has been at the Washington Correctional Institution since at least May 10, 2006. Every Defendant, except the Chaplaincy Services Administrator, is employed at the Mayo Correctional Institution. The relief requested in Plaintiff's complaint is for these Defendants to ensure that Plaintiff is provided with vegetarian, leaven-free meals during certain religious holidays. The record does not reflect that Plaintiff has been denied religiously appropriate meals since his transfer. Any relief granted to

Plaintiff must be narrowly tailored to address the complained-of problem. "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). Therefore, the Court declines to adopt the Magistrate's Report on the issue of standing, and this matter is remanded to the Magistrate to determine whether Plaintiff continues to have standing to seek injunctive relief after his transfer to Washington Correctional Institution. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate's Report and Recommendation is adopted in part and incorporated in part by reference in this order.

2. Defendants' motion for summary judgment, Doc. 30, is GRANTED in part, and summary judgment is granted in Defendants' favor as to all claims for monetary relief.

3. This case be REMANDED to the Magistrate Judge for further proceedings.

**DONE AND ORDERED** this   *27th* day of September, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge