IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**CEDRIC JEFFERSON,**

    **Plaintiff,**

**vs.**                                       **Case No. 1:05cv127-MP/WCS**

**CHAPLAIN NAIMAN, et al.,**

    **Defendants.**

                                      /

## ORDER and THIRD REPORT AND RECOMMENDATION

This case has been pending for quite some time after an Order of Remand.  Doc. 72.  The second report and recommendation, doc. 61, was adopted in part and Defendants' motion for summary judgment, doc. 30, was granted in part.  Doc. 72.  The case was remanded for a determination of whether Plaintiff, who is a *pro se* prisoner, had standing to seek injunctive relief in this matter since, at that time, he had been transferred to Washington Correctional Institution.  *Id.*  The parties were given until November 6, 2007, in which to submit memoranda of law on the issue of standing and whether Plaintiff could continue to seek injunctive relief.  Doc. 74.  Defendant responded and filed a memorandum of law, doc. 76, and also filed some additional chaplaincy materials.  Doc. 75.

Plaintiff did not respond by the deadline, nor has anything been received from Plaintiff in the eighteen months since the deadline.  It would appear that Plaintiff has abandoned this litigation.  Nevertheless, the issue for which this case was remanded has been briefed and considered.  Rather than dismiss this matter for lack of prosecution, a ruling will be entered.  It is noted, however, that according to the information contained on the Department of Corrections' website, Plaintiff is, at least as of this date, now housed at Zephyrhills Correctional Institution.  The Clerk will be directed to send this order and report and recommendation to Plaintiff at that address.

**Background and Procedural Status**

Plaintiff, a Hebrew Israelite prisoner, initiated this civil rights action in July of 2005, challenging the denial of certain religious dietary items for Passover, the Feast of Unleavened Bread, and the observation of the High Holy Days.  Doc. 1.  Plaintiff sought injunctive relief and monetary damages.

At summary judgment, Plaintiff's claims for compensatory and punitive damages were dismissed pursuant to § 1997e(e), which precludes monetary damages for mental or emotion injury, absent a prior showing of physical injury.  Docs. 61, 72; *see* Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006); Napier v. Preslicka, 331 F.3d 1189, 1190 (11th Cir. 2003); Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005); Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000).  This statute means that it will be an unusual case where a prisoner could obtain compensatory or punitive damages for mental or emotional injury when the case challenges the denial of religious freedom.  This was not an unusual case; Plaintiff presented no proof of any physical injury.  Thus,

summary judgment was granted in favor of Defendants on this issue and Plaintiff's requests for compensatory and punitive damages were precluded. Docs. 61, 72.

Defendants' motion for summary judgment on the merits of the First Amendment claim was recommended to be denied. Doc. 61, p. 14. Similarly, Plaintiff had shown a triable equal protection claim and summary judgment was recommended to be denied on that claim as well. Doc. 61, p. 15. However, after the dismissal of any claims for monetary damages, the only relief that could be afforded Plaintiff was injunctive relief.

This case was then remanded to determine whether Plaintiff had standing to seek injunctive relief since during the pendency of this case he had been transferred to another prison. Doc. 72. The order of remand noted that Plaintiff had "been at the Washington Correctional Institution since at least May 10, 2006." Doc. 72, p. 2. None of the Defendants were at Washington Correctional Institution. It was also noted that there was no demonstration on the record "that Plaintiff ha[d] been denied religiously appropriate meals since his transfer." *Id.* Thus, because any relief granted must be narrowly tailored under 18 U.S.C. § 3626(a)(1), and because Plaintiff requested that the Defendants ensure Plaintiff was provided with vegetarian, leaven-free meals during certain religious holidays, it was appropriate to determine whether Plaintiff had standing to seek injunctive relief. Doc. 72.

**Standing and Mootness**

I had previously considered Defendants' argument at the summary judgment stage that Plaintiff was not entitled to injunctive relief because he did not face a "real and immediate" threat of future injury. Defendants noted that in 2006, food service had been instructed to prepare vegetarian trays during Passover and the Feast of

Unleavened Bread. Doc. 30, p. 21. Plaintiff, on the other hand, had claimed that injunctive relief was necessary because he alleged that even though Defendants had provided him the Feast of Unleavened Bread and the Passover in 2006, it did not explain why Defendants" did not do so in 2005 when he was requesting it. Doc. 56. Plaintiff was concerned that without injunctive relief, Defendants have not shown they would continue to follow the 2006 memorandum and could return to the way things had been in 2005. *Id.* My prior recommendation was that because Plaintiff was serving a life sentence and would have annual need for the religious meals requested, and because voluntary cessation of a practice does not make an issue moot, that Defendants had not shown "that the wrong [would] not occur again in the future." Doc. 61, p. 18.

Defendants filed their memorandum of law on the issue of standing on November 6, 2007. Doc. 76. The memorandum makes clear that Plaintiff had been incarcerated at Washington Correctional Institution for more than a year, and was no longer at Mayo Correctional Institution (where he was denied the religious food). *Id.* The Department of Corrections announced a departmental policy beginning on August 17, 2007, that "all pork and pork products [would] be eliminated from the Department's food service, and vegan and no-meat alternative entree meal patterns [would] be available to all inmates who wish to observe the dietary laws of their respective religions." Doc. 76, p. 1, *citing* to doc. 70. This policy appears to apply statewide and is not simply applicable at certain institutions; it is more than just a memo from a chaplain at one particular prison. Thus, this policy and procedure will enable Plaintiff to exercise his religious beliefs at any Florida prison to which he may be transferred in the future.

In the wake of that policy, the Religious Technical Guide created Procedure 503.002(4)(f) which requires an institution's food service manager to be "consulted a minimum of two (2) weeks before all scheduled religious meals." Doc. 76, p. 2. There are specific instructions for Passover meals, and a direction that "[i]f at all possible, leavened products should not be placed on the food trays of Hebrew Israelite inmates." *Id.*; doc. 75-4 (Defendants' ex. 4, attached to doc. 75). The Department recognizes the Hebrew Israelite faith and lists the Holy Days for that faith on the Department's Religious Calendar. Doc. 75-2 (Defendants' ex. 2). The Religious Calendar allows the observance of recognized Holy Days at all Florida prison facilities.

Since being at Washington Correctional Institution, Plaintiff was recognized as a Hebrew Israelite so he could observe the 2007 Hebrew Israelite Passover and the Feast of unleavened Bread. Doc. 76, pp. 2-3. Since being transferred from Mayo Correctional Institution, Plaintiff has not come forward to demonstrate that he has been unable to participate in the religious meals of his faith. Presumably, if Plaintiff was not provided the meals for the observance of his religious holidays, Plaintiff would have so advised the Court. The lack of any response from Plaintiff, to pursue the only relief available to him (injunctive relief), supports the finding that there is no longer a controversy between the parties.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.' " <u>Mingkid v. U.S. Att'y Gen.</u>, 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted), *quoted in* <u>Smith v. Allen</u>, 502 F.3d 1255, 1266 (11th Cir. 2007). "The doctrine of mootness derives directly from the case-or-controversy limitation, because an action that is moot cannot be characterized

as an active case or controversy." Mingkid v. U.S. Att'y Gen., 468 F.3d at 768, *quoted in* Smith v. Allen, 502 F.3d at 1266.

While it is true that, as a general rule, "a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief," Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986), *cited in* Smith v. Allen, 502 F.3d at 1267, Plaintiff here has not been released from prison, but transferred to a different prison facility within the Florida Department of Corrections. A case would normally be moot if the plaintiff is no longer subject to the rules of the prison, but in this case, Plaintiff has a life sentence, and is still subject to prison rules and policies. The case is not necessarily moot by virtue of his transfer.

However, the case is now moot by virtue of the creation of an official statewide policy to provide inmates of the Hebrew Israelite faith with vegan meals during the observance of Passover and the Feast of Unleavened Bread. The official policy means that Plaintiff's ability to have vegan meals is not at the whim of a prison official, or dependant upon Plaintiff's being housed at a particular prison. Furthermore, the absence of any response from Plaintiff in more than eighteen months adequately demonstrates that Plaintiff no longer is engaged in a live controversy with the Defendants.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be closed as there is no longer an active case or controversy between the parties as is required by Article III. Plaintiff does not have standing to pursue injunctive relief in this case in light of the 2007 statewide policy which mooted his claim.

Case No. 1:05cv127-MP/WCS

**ORDER**

Accordingly, it is **ORDERED** that the Clerk of Court furnish this Order and Report and Recommendation to Plaintiff at the Zephyrhills Correctional Institution.

**REPORT AND RECOMMENDATION**

In light of the it is respectfully **RECOMMENDED** that this action be **DISMISSED** for lack of subject matter jurisdiction in that there is no longer a live case or controversy as is required by Article III of the Constitution, and Plaintiff lacks standing to seek injunctive relief due to the change in statewide policy concerning religious meals for Hebrew Israelite prisoners.

**IN CHAMBERS** at Tallahassee, Florida, on May 29, 2009.


  s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**